■ JANUSZ SZTABEREK, Respondent, v LUCYNA SZTABEREK, Appellant. [615 NYS2d 20] —Order of the Supreme Court, New York County (Lewis Friedman, J.), entered on December 10, 1993, which vacated the equitable distribution portion of a default judgment for divorce on condition that appellant's counsel pay a sanction of $750 to the Lawyers' Fund for Client Protection, unanimously reversed, on the law, with costs, and the sanction is stricken.

The motion court abused its discretion by imposing a monetary sanction as a condition of vacatur where the order of vacatur had already been signed by a different Judge. A default judgment of divorce was entered by the plaintiff-respondent husband on September 24, 1990. By order to show cause dated September 5, 1991, the defendant-appellant wife moved to vacate the default judgment. By order entered December 9, 1991, Justice Elliott Wilk granted the application to vacate the default judgment, "with respect to the economic issues only," without imposing any conditions or directing settlement of an order. No order was settled. When appellant attempted to file a note of issue on March 29, 1993, it was rejected by the trial support office on the ground that the computer records indicated a disposition for the case.

The support office requested a copy of the order vacating the default. Justice Wilk signed a new order of vacatur on May 5, 1993, but appellant's counsel, unaware of the entry of the new order of vacatur, applied to Justice Friedman, to whom the case had been assigned, to enter the 1991 vacatur order. Justice Friedman denied the application. Thereafter, appellant moved for a new order partially vacating the default. Justice Friedman granted the motion on condition that appellant pay $750 to the Lawyers' Fund for Client Protection. It is clear from the foregoing, that the imposition of a sanction, under these circumstances, constitutes an improvident exercise of discretion. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.